UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

v. **No. 4:26-cr-00300-P**

**JOSE HERNANDEZ REYES.**

## OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss Count One of the Indictment. ECF No. 17. Having considered the Motion, relevant docket filings, and applicable law, the Court will **DENY** the Motion.

## BACKGROUND

A grand jury found that, on or about August 7, 2026, Michael Anthony Cecenas violated the possession prong of 18 U.S.C. § 922(o). Section 922(o) provides, in pertinent part: "Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun." 18 U.S.C. § 922(o)(2). On October 5, 2026, Reyes filed a Motion to Dismiss Count One of the Indictment. ECF No. 14. The Motion argues that Section 922(o) violates the Second Amendment and exceeds Congress's power under the Commerce Clause. The Court now addresses these argument.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CR. P. 12(b)(1). In deciding the motion, the Court should "take the allegations of the indictment as true." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir.

2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

## ANALYSIS

18 U.S.C. § 922(o) prohibits the transfer or possession of machineguns. In support of his Motion, Reyes asserts that 18 U.S.C. § 922(o) violates the Second Amendment and exceeds Congress's power to regulate interstate commerce under the United States Constitution.

Reyes acknowledges that both of his arguments are squarely foreclosed by Fifth Circuit precedent. First, the Fifth Circuit upheld the constitutionality of Section 922(o) under the Commerce Clause in *United States v. Knutson,* 113 F.3d 27 (5th Cir. 1997). Second, the Fifth Circuit rejected a facial Second Amendment challenge to Section 922(o) in *Wilson*, as foreclosed by *Hollis v. Lynch*, 827 F.3d 436 (5th Cir. 2016). *United States v. Wilson*, 164 F.4th 380 (5th Cir. 2026) (petition for rehearing en banc denied). Even as an as-applied challenge, the instant case does not provide any reason to depart from *Hollis*.[1]

Reyes cites no authority to the contrary and concedes that 5th Circuit precedent ties the Court's hands. Thus, Defendant's argument that § 922(o) violates the Second Amendment and exceeds the scope of Congress's commerce power fails.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss Count One of the Indictment. ECF No. 17.

**SO ORDERED** on this **6th day of October 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

[1] In evaluating Defendant's as-applied challenge, Fifth Circuit precedent limits the court to the facts pertinent to the elements of the offense. *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024). Here, the as-applied analysis focuses on the characteristics of the arm, i.e. the machinegun conversion devices. Given the facts, there is no reason to think that that § 922(o), while constitutional on its face, is unconstitutional as applied to Reyes in particular. The record details a cut-and-dry application of the statute.